UNITED STATES of America,
Libelant

v.

THE Steamship AMERICAN HUNTER, her engines, tackle, appurtenances, etc., and United States Lines Company, Claimant-Petitioner

and

THE Steamship QUEEN ELIZABETH, her engines, tackle, etc. and the Cunard Steam-Ship Company, Ltd.

and

THE Motortanker HELEN MILLER, her engines, tackle, etc. and Dominion Transport Corporation and Coastal Petroleum Transport Co., Inc., Respondent-Impleaded.

United States District Court
S. D. New York.
Aug. 4, 1961.

---

Robert M. Morgenthau, U. S. Atty., New York City, Louis E. Greco, Attorney in Charge, Admiralty & Shipping Section, Dept. of Justice, New York City, Capt. Morris G. Duchin, U. S. N., Sp. Attorney, Admiralty & Shipping Section, Dept. of Justice, New York City, of counsel, for libelant.

Kirlin, Campbell & Keating, New York City, William E. Fuller, New York City, of counsel, for claimant.

FREDERICK van PELT BRYAN, District Judge.

On April 15, 1961 I granted respondent's motion for reargument of its exceptions to the Government's second claim of the amended libel which I overruled in my opinion of March 8, 1961, 192 F. Supp. 447.

In essence, respondent urges that there is a distinction between buoys intended as aids to navigation and buoys used for other purposes, and that the term "buoys" as used in 33 U.S.C.A. § 408 should be limited to those buoys erected and maintained by the Corps of Engineers which respondent claims are not strictly speaking aids to navigation. Since the buoy involved in the case at bar was erected as an aid to navigation respondent contends that it should be considered as outside the scope of Section 408.

Neither the language of the Act nor its legislative history supports the respondent's contention.

As I pointed out in my opinion the only evidence bearing upon the intent of Congress when it used the term "buoys" in the Act, is in the 1877 Report of the Secretary of War. The respondent argues that the only reasonable view to be taken of the Report is that the Secretary used the term "buoys" to refer only to objects under his control and did not intend it to apply to aids to navigation under the control of other executive officers. Such a view is inconsistent with what the Report says.

The Report indicates clearly that the Secretary was not dealing exclusively with buoys and structures under his jurisdiction. He requested that the penalty provisions of the Act which he proposed "cover not only river, harbor, and navigation works, but also all structures or marks established by the United States, so as to include * * * *all* buoys, etc. * * *." (Emphasis added). (p. 829). On page 828 of the Report the Secretary recommended the following:

" * * * it would be well under those circumstances [where completed works are turned over to operational departments by a builder] to make it the duty of all officers of the Government, especially custom-house and revenue officers and light-house keepers, to report all cases of trespass or injury coming under their observation, either to their own department or to the nearest United States district attorney."

Custom house and revenue officers and lighthouse keepers are under the jurisdiction of the Secretary of the Treasury.

Congress adopted the Secretary's proposal with respect to reporting by Customs and revenue officers and lighthouse keepers, as well as the penalty provisions

relating to buoys now contained in Section 408. In the light of what has been said there is plainly no basis for holding that the Secretary and Congress did not mean to include within the penalty provisions of the Act *all* buoys whether under the Department of War or under any other executive department.

After reconsideration upon reargument I adhere to my decision of March 8, 1961 overruling respondent's exceptions to the second claim of the amended libel.

It is so ordered.